Argued and submitted October 14, 1988, affirmed January 18, 1989

STATE OF OREGON,
*Appellant,*

*v.*

MARTIN LEACH,
*Respondent.*

(CR7-0271-34; CA A48095)

767 P2d 463

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Graber,* Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

PER CURIAM

_____

* Graber, P. J., *vice* Warden, J., retired.

## PER CURIAM

Defendant was arrested for driving under the influence of intoxicants, ORS 813.010, on April 25, 1987. He agreed to submit to a breath test, which was administered after he had been observed for only 12 minutes. The test indicated a blood alcohol level of .10 percent. Defendant asked that a second test be given. He was told that he need not submit to a second test but that the results could be used against him in court if the test were administered at his request. He insisted, and a second test was administered four minutes after the first. The second test indicated a blood alcohol level of .09 percent. The trial court suppressed the results of the first test, because defendant had not been observed for the 15 minutes required by OAR 257-30-020(1)(b) before the test was administered. The state does not contest that ruling.

We agree with the trial court that the second test must be suppressed as well, because it was not administered "upon the request of a police officer" as required by ORS 813.100. The administration of a second breath test at a suspect's request is contemplated by ORS 813.150,[1] but the result is not admissible over a defendant's objection under the version of ORS 813.010(1)(a) in effect at the time of the violation alleged here.[2]

Affirmed.

---

[1] ORS 813.150 provides, in part:

"In addition to a chemical test of the breath * * * administered * * * upon the request of a police officer, a person shall be permitted upon request * * * reasonable opportunity to have any * * * qualified person of the person's own choosing administer a chemical test or tests of the person's breath or blood for the purpose of determining the alcoholic content of the person's blood * * *."

[2] At that time, ORS 813.010(1)(a) provided, in part:

"A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person * * * [h]as .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under the implied consent laws described in ORS 813.100 * * *."

The statute was amended after defendant's arrest to permit admission of a test administered under ORS 813.150. Or Laws 1987, ch 138, § 5.